**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 7 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHELLE TAYLOR, | No.   17-15522 |
| Petitioner-Appellant, | D.C. No. 3:13-cv-00035-MMD-VPC |
| v. | |
| CAROLYN MYLES, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted December 19, 2018
San Francisco, California

Before:  M. SMITH and NGUYEN, Circuit Judges, and RESTANI,** Judge.

Petitioner Michelle Taylor appeals the denial of her petition for writ of habeas corpus.  Taylor challenges her life sentence with the possibility of parole after ten years as a violation of the Eighth Amendment prohibition against cruel and unusual punishment.  We have jurisdiction under 28 U.S.C. § 2253 and we

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**       The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

affirm.

On direct appeal, the Nevada Supreme Court held that Taylor's sentence was not grossly disproportionate to her offense. Because we conclude that Taylor's Eighth Amendment claim fails even under de novo review, we do not need to decide whether the Nevada Supreme Court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law," pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 § 104, 28 U.S.C. § 2254(d)(1) (2012). See Norris v. Morgan, 622 F.3d 1276, 1290 (9th Cir. 2010) (citing Frantz v. Hazey, 533 F.3d 724, 735–37 (9th Cir. 2008) (en banc)).

The Cruel and Unusual Punishments Clause prohibits "extreme sentences that are 'grossly disproportionate' to the crime." Graham v. Florida, 560 U.S. 48, 59–60 (2010) (quoting Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring in part and concurring in judgment)). "A [reviewing] court must begin by comparing the gravity of the offense and the severity of the sentence." Id. at 60. This threshold comparison "can consider the penological justifications for the State's sentencing scheme, [the offender's] mental state and motive in committing the crime, [and] the actual harm caused to his victim or to society by his conduct, as well as [t]he absolute magnitude of the crime." Norris, 622 F.3d at 1290 (internal citations and quotations omitted, alterations in original).

In Solem v. Helm, the Supreme Court held unconstitutional a life without

parole sentence for a defendant's seventh nonviolent felony, uttering a $100 "no account" check, reasoning that it was "one of the most passive felonies a person could commit." 463 U.S. 277, 296 (1983). In Harmelin, however, the Court upheld a life without parole sentence imposed on a first-time offender for the possession of a large quantity of cocaine. 501 U.S. at 996. Similarly, in Norris, this court upheld a life without parole sentence for a defendant's second sexual offense against a minor child. 622 F.3d at 1296.

Although Taylor's sentence is no doubt severe, it is not "grossly disproportionate" to the offense of lewdness with a child under fourteen years of age. In an incident lasting about twenty-five minutes, Taylor made sexual advances towards a thirteen-year-old child. She straddled and kissed him, attempted to take his clothes off, and forced him to touch her breasts. The victim was forced to resist Taylor's advances. Unlike the defendant's crime in Solem, Taylor's crime affected a victim, especially a young and vulnerable one. It was not one of the most passive felonies possible. See Solem, 463 U.S. at 296. Indeed, this court has found "[t]he impact of [child molestation] on the lives of its victims [to be] extraordinarily severe." See Norris, 622 F.3d at 1294 (quoting Cacoperdo v. Demosthenes, 37 F.3d 504, 508 (9th Cir. 1994)). Given the potential for long-lasting emotional and psychological harm, the Nevada legislature had a reasonable basis for believing that such severe sentences would help protect minor children

3

from sexual offenses. Moreover, a sentence of life with the possibility of parole after ten years does not completely deprive Taylor of her liberty without the possibility for rehabilitation and release and is less severe than the life without parole sentence imposed in <u>Norris</u>. Because we do not find an inference of gross disproportionality, an intra- and inter-jurisdictional comparison of sentences is not required. <u>See</u> <u>Harmelin</u>, 501 U.S. at 1005. Accordingly, we conclude that Taylor's sentence does not violate the Eighth Amendment.

**AFFIRMED.**